UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZUFFA, LLC d/b/a Ultimate Fighting Championship,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK L. HUA, individually, and as Officer, Director, Shareholder, Principal, Manager And/or Member of PPLS, LLC, d/b/a G.O.A.T SPORTS BAR; PPLS LLC, d/b/a G.O.A.T SPORTS BAR,<br><br>Defendants. | Case No. 2:19-cv-01518-APG-EJY<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>[ECF No. 12] |

Defendants Patrick L. Hua and PPLS LLC have failed to plead or otherwise defend in this action and their default has been entered. ECF No. 10.  Plaintiff Zuffa LLC moves for default judgment against Hua and PPLS. ECF No. 12.  Neither of the defendants opposed the motion for default judgment.

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  After default is entered, a party may seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted).  Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (CD. Cal. 2004) (citation

omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within the district court's discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

Zuffa has satisfied the procedural requirements for default judgment. The clerk entered default against Hua and PPLS. ECF No. 10. The defendants have not appeared in this case. Thus, there is no procedural impediment to entering a default judgment.

The first *Eitel* factor considers whether Zuffa will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (CD. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 214-CV-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016). The defendants have failed to defend the lawsuit. If default judgment is not entered, Zuffa will be unable to pursue its claims against them. This factor weighs in favor of entry of default judgment.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8. Zuffa's complaint asserts mainly stock allegations of cable piracy, but it sufficiently pleads that the defendants improperly intercepted and displayed Zuffa's

showing of the so-called "UFC 223 Broadcast" on April 7, 2018. ECF No. 1.  Thus, the second and third *Eitel* factors weigh in favor of entry of default judgment.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo., Inc.*, 238 F. Supp. 2d at 1176.  The amounts at issue are statutory damages under 47 U.S.C. § 605.  Zuffa requests (1) the statutory maximum $10,000 award under 47 U.S.C. § 605(e)(3)(C)(i)(II), (2) enhanced statutory damages of $10,000 under 47 U.S.C. § 605(e)(3)(C)(ii), (3) statutory damages of $5,000 under 17 U.S.C. §504(c)(1), and (4) enhanced statutory damages of $5,000 under 17 U.S.C. §504(c)(2).  These amounts are justified under the fourth *Eitel* factor.

The fifth *Eitel* factor weighs the possibility of a dispute regarding any material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177.  "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted).  The defendants have not appeared or rebutted any of Zuffa's allegations.  Zuffa has presented evidence describing its investigation supporting its allegation that the interception of the signal was willful and for commercial gain, justifying enhanced statutory damages.  Thus, the fifth *Eitel* factor weighs in favor of entry of default judgment.

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177.  The clerk of court entered default on November 8, 2019, and the defendants still have not appeared in this case. ECF No. 10.  There is

no evidence before me that the failure to respond is due to excusable neglect. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action). Given the time period during which the defendants had notice of the action yet failed to appear, it is unlikely that the defendants failed to respond due to excusable neglect. Thus, the sixth *Eitel* factor weighs in favor of entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the defendants' failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment. A decision on the merits is desirable, but under these circumstances, default judgment is warranted.

I THEREFORE ORDER that plaintiff Zuffa LLC's motion for default judgment **(ECF No. 12) is GRANTED**. The clerk of court shall enter judgment in favor of plaintiff Zuffa LLC and against defendants Patrick L. Hua and PPLS LLC, d/b/a G.O.A.T. Sports Bar, jointly and severally, in the following amounts:

| | |
|---|---|
| a. Damages under 47 U.S.C. § 605(e)(3)(c)(i)(II): | $10,000.00 |
| b. Damages under 47 U.S.C. § 605(e)(3)(c)(ii): | $ 10,000.00 |
| c. Damages under 17 U.S.C. §504(c)(1): | $ 5,000.00 |
| d. Damages under 17 U.S.C. §504(c)(2): | $ 5,000.00 |
| **TOTAL DAMAGES AWARD:** | **$30,000.00** |

Dated: July 31, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE